ROBERT MORGAN, ATTORNEY GENERAL v. DUKE POWER COMPANY
AND STATE OF NORTH CAROLINA, EX REL. UTILITIES COM-
MISSION

No. 7410UC414

(Filed 17 July 1974)

Utilities Commission § 9— coal cost adjustment — interim order — prema-
ture appeal

Appeal from an interim order of the Utilities Commission permit-
ting an electric power company to add a coal cost adjustment charge to
its rates is dismissed as premature. G.S. 7A-29.

APPEAL by plaintiff from an order of the North Carolina
Utilities Commission in Docket No. E-7, Sub 159, and Docket
No. E-7, Sub 161, entered on 31 January 1974. Heard in the
Court of Appeals on 30 May 1974.

On 30 November 1973, Duke Power Company (Duke) filed
with the North Carolina Utilities Commission (Commission) a
proposed change in its rates and charges. This charge was to
take the form of a coal cost adjustment clause (coal clause),
which was to be added to each of Duke's retail electric schedules
in North Carolina. An affidavit of Mr. B. B. Parker, Duke's
Executive Vice-President, was filed along with this application.

On 19 December 1973, the Commission issued an order in
Docket E-7, Sub 161, allowing the coal clause to go into effect
on bills rendered on and after 19 January 1974. This order con-
solidated Docket E-7, Sub 161, with Duke's pending general
rate increase (Docket E-7, Sub 159) and in so doing stated: "All
evidence heretofore presented in this matter is subject to cross-
examination and further review before final disposition as a
part of Docket E-7, Sub 159."

On 18 January 1974, the Attorney General, an intervenor in
Docket E-7, Sub 159, filed notice of appeal and exceptions and
a motion to postpone the order of 19 December 1973, pending
judicial review, or in the alternative to rescind said order or to
modify said order to provide for a refund with interest under

---

---

bond. This motion was denied by the Commission on 31 January 1974, and the Attorney General appealed to this Court therefrom.

*Attorney General Robert Morgan by Assistant Attorney General I. Beverly Lake, Jr., and Associate Attorney Jerry J. Rutledge for plaintiff appellant.*

*William H. Grigg, Steve C. Griffith, Jr., Clarence W. Walker and John M. Murchinson, Jr., for defendant appellee Duke Power Company.*

*Commission Attorney Edward B. Hipp and Associate Commission Attorney John R. Molm for defendant appellee North Carolina Utilities Commission.*

HEDRICK, Judge.

Motions to dismiss the Attorney General's appeal as being interlocutory in nature were filed in this Court by both Duke Power Company and the North Carolina Utilities Commission. Furthermore, in the Commission's motion to dismiss it is noted that by order dated 16 April 1974, the Commission reconsidered the application filed by Duke and modified its order of 19 December 1973 to provide "that the coal cost and adjustment clause granted Duke should be subject to refund with interest and undertaking for refund pending final determination and order in Docket No. E-7, Sub 161."

The right of appeal from any final order or decision of the North Carolina Utilities Commission is expressly granted by G.S. 7A-29. Thus, the only question for our determination is whether the order appealed from in the instant case is a final order. A careful examination of the language contained within the order entered on 19 December 1973, manifests the fact that this order is interim in nature and not intended to be a final disposition of this matter. The interlocutory character of this order is exemplified by the following statement appearing in the conclusion of the Commission:

"However, recognizing the fact that there has been no hearing and no opportunity for complaints, testimony or cross-examination, the Commission deems it appropriate to consolidate this Docket (E-7, Sub 161) with the pending rate increase Docket (E-7, Sub 159) to afford opportunity *for further review and final disposition* of a fuel cost clause

as a part of the consideration of all rates of Duke." (Emphasis added.)

Similar language appearing at the end of the order reinforces our determination that this is not a final order as required by G.S. 7A-29. Therefore, the appeal is

Dismissed.

Judges MORRIS and BALEY concur.