STATE OF NORTH CAROLINA EX REL. UTILITIES COMMISSION ET AL v. RUFUS L. EDMISTEN, ATTORNEY GENERAL AND NORTH CAROLINA TEXTILE MANUFACTURERS ASSOCIATION, INC. INTERVENORS

No. 7510UC374

(Filed 5 May 1976)

**Electricity § 3; Utilities Commission § 6— fossil fuel adjustment clause — validity**

A fossil fuel adjustment clause which permits an electric utility to adjust its monthly bills for services by means of a formula which takes into consideration fluctuations in the cost of fossil fuels with reference to a base cost, which does not increase the utility's rate of return but is so designed that it automatically passes on to the customers both any increase or decrease in the cost of fossil fuels the utility is forced to incur after following reasonably prudent procurement practices, and which automatically passes on to customers any savings from improvements in generation efficiency, is a valid part of a rate or rate schedule within the meaning of G.S. Chapter 62; moreover, in allowing such clause to be placed into effect on an interim basis and in giving it final approval in this case, the Utilities Commission acted within its statutory powers and in accordance with statutory procedures.

Judge MARTIN dissenting.

APPEAL by the Attorney General from order of the North Carolina Utilities Commission entered 19 December 1974 in Docket #E-2, Sub 234. Heard in the Court of Appeals 12 November 1975.

On 25 January 1974 Carolina Power & Light Company (CP&L) filed with the North Carolina Utilities Commission its verified application for authority to adjust its metered retail

electric rates and charges by the addition of a fossil fuel cost adjustment clause. In this application, which was supported by affidavits and exhibits, CP&L alleged that the cost of fossil fuel accounted for 57% of its total operating and maintenance expenses in 1973, that the fossil fuel market was extremely unstable and the price of coal and oil had increased and was continuing to increase at an unprecedented rate, and that unless the proposed fossil fuel clause was allowed, CP&L's financial condition was not sufficient to enable it to absorb the rapid large increases in fossil fuel costs without severe impairment of its ability to provide adequate electric service. The requested fossil fuel adjustment clause would apply to the monthly bill for service a charge or credit for each kwh sold based on the cost of fossil fuel above or below the base cost established in the clause, which was computed from the heat rate for fossil generation and the actual cost of fossil fuel burned by CP&L during the twelve months ending on 30 June 1973. The Commission assigned this application its Docket #E-2, Sub 234.

On 5 February 1974 the Commission entered its order making findings of fact and conclusions and permitting the clause to go into effect on an interim basis effective on service rendered on and after 6 February 1974. As part of this order the Commission directed that Docket E-2, Sub 234 be consolidated with pending Docket E-2, Sub 229 and that all evidence presented in this matter be subject to cross-examination and further review before final disposition. (The pending Docket E-2, Sub 229 was a general rate case which had been commenced 29 October 1973 when CP&L filed application with the Commission for authority to increase its electric rates and charges for its retail customers in varying percentages which amounted to approximately a 21% overall increase.)

On 13 March 1974 the Commission amended its order of 5 February 1974 to approve CP&L's undertaking, which was filed with its application on 25 January 1974, by which it agreed to refund with interest to the persons entitled thereto the amounts, if any by which payments made to it for electric service exceed the amounts which would have been paid under rates as finally determined to be just and reasonable.

Public hearings were held on the matters embraced in the consolidated Dockets E-2, Sub 234 and E-2, Sub 229 during July, August, and September 1974. On 27 November 1974 the Commission entered an order directing that Docket E-2, Sub

234 be separated for decision and further hearings from Docket E-2, Sub 229, and directing that further hearings on CP&L's fossil fuel adjustment clause be set for 30 January 1975 at the same time and place set for investigations on fuel clauses of Duke Power Company and Virginia Electric and Power Company.

On 19 December 1974 the Commission issued its order making findings of fact which included the following: The largest single item of expense for CP&L in 1973 was fossil fuel used for electric generation. The average price of coal (the major fossil fuel consumed) increased from 46.79 cents per million BTU in January 1973 to 92.5 cents per million BTU in June 1974, an increase of approximately 100 percent. Oil increased from 49.16 cents per million BTU in January 1973 to 176.84 cents per million BTU in March 1974, an increase of over 350 percent. Gas increased from 50.52 cents per million BTU in January 1973 to 58.15 cents per million BTU in March 1974. Total burned fossil fuel cost increased from 47.80 cents per million BTU in January 1973 to 78.25 cents per million BTU in March 1974. These sudden and drastic increases have resulted in large increases in the cost of producing electric power. Such increases cannot be recovered in CP&L's rate design unless an automatic adjustment for fluctuating fuel costs is allowed. Without such an automatic adjustment, the utility will experience a further deterioration of earnings before a general rate case can be filed and heard. CP&L has been unable to earn the return on its common stock equity found to be fair and reasonable by the Commission. This shortfall in earnings has been caused, in part, by the sharp rise in the cost of fossil fuel. A continuing shortfall in earnings could result in higher rates to the customer and possibly jeopardize service. A "KWH" type of fuel clause adjusts for improvements in generation efficiency and appropriately passes any savings to the rate payer. In view of the circumstances of the fossil fuel market, the fossil fuel adjustment clause is a reasonable method by which CP&L can recover a part of its reasonable operating expenses.

Based on its findings of fact made in this case, and based on voluminous evidence heard by the Commission in other recent dockets involving CP&L and other electric utilities operating in North Carolina concerning the supply and price of coal and procurement practices of particular utilities, the Commission concluded that the market forces controlling the price of fossil

fuels are beyond the ability of either the Commission or CP&L acting alone to control. The Commission concluded that refusal to allow CP&L to recoup the great increase in fossil fuel cost in a just, reasonably expeditious, and orderly manner would imperil CP&L's ability to operate and to provide service. The Commission held that the cost of fossil fuel incurred by CP&L is a reasonable operating expense to the extent that CP&L exercises sound management practices in negotiating with suppliers, and found that the Commission's system of monitoring the operation of the fossil fuel clause will insure that CP&L acts in accordance with sound management practices in its negotiations and will protect the rate payers, by preventing CP&L from recovering more through the fossil fuel clause than its reasonable operating expenses as such expenses relate to cost increases of fossil fuel above the base cost as established in the fossil fuel clause.

Based upon its findings of fact and conclusions, the Commission approved the fossil fuel adjustment clause set forth in CP&L's application filed 25 January 1974, approved all revenues collected thereunder from bills rendered through 30 September 1974, and discharged and cancelled CP&L's undertaking for refund with respect to all such revenues on bills rendered through 30 September 1974. The Commission's order further directed that it would proceed with the hearings scheduled for 30 January 1975 and would continue its investigation into the fossil fuel purchasing procedures and policies of CP&L to the extent that they affect the fossil fuel adjustment factors applied to bills rendered after 30 September 1974, and directed CP&L to continue to file with the Commission monthly reports on the amount of the fuel cost adjustment factor and the factors and computations used in its derivation.

The Attorney General, acting on behalf of the using and consuming public, in apt time as provided in G.S. 62-90(a), filed notice of appeal and exceptions to the Commission's interim order of 5 February 1974, entered in Commission Docket #E-3, Sub 234, which order permitted CP&L's fossil fuel cost adjustment clause to go into effect on an interim basis, and to the Commission's final order entered in that case on 19 December 1974, which gave final approval to CP&L's fossil fuel cost adjustment clause.

*Attorney General Edmisten by Deputy Attorney General I. Beverly Lake, Jr., and Assistant Attorney General Robert P. Gruber for appellant.*

*Joyner & Howison by Robert C. Howison, Jr., and William E. Graham, Jr., for Carolina Power & Light Company, appellee.*

*Edward B. Hipp, General Counsel, and Assistant Commission Attorney Wilson B. Partin, Jr., and Associate Commission Attorney Jane S. Atkins for the North Carolina Utilities Commission.*

PARKER, Judge.

By order of this Court dated 12 June 1975 the appeal in this case was consolidated, for the purpose of briefs and oral arguments, with the pending appeal from the Commission's final order entered in CP&L's general rate case, Commission Docket #E-2, Sub 229. Certain parties who are appellants in that case, to wit: The North Carolina Textile Manufacturers Association, Inc., Ball Corporation, and Executive Agencies of United States of America, in their briefs and oral arguments presented in the consolidated hearing of the appeals in the two cases which resulted from our order of 12 June 1975, have presented arguments and contentions attacking the Commission's orders of 5 February 1974 and 19 December 1974 entered in this case. These parties, however, did not file timely notice of appeal as required by G.S. 62-90(a) from the Commission's orders filed in this case. Accordingly, CP&L's motion to dismiss the purported appeals of these parties in this case is allowed, and our consideration of the appeal in this case will be limited to the questions raised by the appeal of the Attorney General.

On this appeal the Attorney General contends that the Commission, by issuance of its orders of 5 February 1974 and 19 December 1974 in Docket No. E-2, Sub 234, acted in excess of its statutory authority, upon and through unlawful proceedings, in violation of the due process requirements of the State and Federal Constitutions, and that it acted arbitrarily and capriciously. These contentions have already been considered and rejected by this Court. In *Utilities Comm. v. Edmisten, Attorney General,* 26 N.C. App. 662, 217 S.E. 2d 201 (1975), this Court was called upon to consider the validity of the Commission's orders which approved the fossil fuel adjustment clause of Duke Power Company. A majority of the panel of this

Court hearing the appeal in that case affirmed the Commission's orders. The decision in that case held that a fossil fuel cost adjustment clause, such as the one in the case now before us, which permits the electric utility to adjust its monthly bills for service by means of a formula which takes into consideration fluctuations in the cost of fossil fuels with reference to a base cost, which does not increase the utility's rate of return but which is so designed that it automatically passes on to the customers both any increase or decrease in the cost of fossil fuels which the utility is forced to incur after following reasonably prudent procurement practices, and which also automatically passes on to customers any savings from improvements in generation efficiency, is a valid part of a rate or rate schedule within the meaning of G.S. Chapter 62. In that case this Court held that the Commission, in allowing such a clause to be placed into effect on an interim basis and in giving it final approval, acted within its statutory powers and in accordance with statutory procedures. On authority of that decision, we hold that the Commission, by issuance of its orders which are challenged on this appeal, also acted within its statutory powers and in accordance with statutory procedures.

Examination of the record in this case also reveals that the Commission's essential findings of fact were supported by competent evidence, and we hold that in entering the orders appealed from the Commission did not act arbitrarily or capriciously.

Accordingly, the orders appealed from are

Affirmed.

Judge CLARK concurs.

Judge MARTIN dissenting.

For the reasons stated in my dissenting opinion filed in *Utilities Comm. v. Edmisten, Attorney General,* 26 N.C. App. 662, 217 S.E. 2d 201 (1975), I vote to reverse.