STATE OF NORTH CAROLINA ex rel. UTILITIES COMMISSION; THE PUBLIC STAFF; THE CITIES OF WILSON, ROCKY MOUNT, MONROE AND GREENVILLE, NORTH CAROLINA AND THE ALUMINUM COMPANY OF AMERICA v. NORTH CAROLINA NATURAL GAS CORPORATION

No. 8410UC946

(Filed 6 August 1985)

**Gas § 1; Utilities Commission § 24— natural gas rates—consideration of payments in lieu of contract amount**

When the Utilities Commission found that a natural gas company had received payments in lieu of what it would have received under a service contract and that customers of the gas company are bearing the company's service contract costs, the Commission had the authority under G.S. 62-32(b) and G.S. 62-130(a) and (d) to take these payments into account in setting a reasonable rate for the gas company.

APPEAL by North Carolina Natural Gas Corporation from an order of the North Carolina Utilities Commission entered 11 May 1984. Heard in the Court of Appeals 6 May 1985.

North Carolina Natural Gas Corporation (NCNG) has appealed from an order of the Utilities Commission requiring it to use certain proceeds it received in the settlement of a contract dispute to reduce its rate. On 10 November 1967 NCNG entered into a contract agreement with Farmers Chemical Association, Inc. a predecessor corporation to C. F. Industries, Inc. (CFI) to supply Farmers Chemical with natural gas. On 20 September 1982 CFI notified NCNG that it would no longer take the gas for which its predecessor had contracted. The two corporations negotiated a settlement of their contract rights and duties, which settlement was completed on 26 January 1983. Pursuant to the settlement CFI agreed to make quarterly payments to NCNG for one year and assigned to NCNG certain refunds which it was to receive from other corporations.

In an order entered on 6 January 1984 in a general rate case the Commission ordered that one-half the amount NCNG had received until that time pursuant to the settlement be used to reduce the cost of service to the customers of NCNG over a five year period. The other one-half would be retained by NCNG as below the line income. The Commission ordered that payments received by NCNG after 6 January 1984 be placed in a deferred

account pending further order by the Commission. On 11 May 1984 the Commission entered an order in which it found that the payments to NCNG by CFI were in lieu of payments CFI would have made under the contract. The Commission also found that the present customers of NCNG are bearing the costs of the CFI service contract including the cost of the plant constructed to serve CFI which remains in the rate base. The Commission ordered that the payments to NCNG by CFI after 6 January 1984 be considered above the line items which would reduce the cost of service to NCNG's customers. NCNG appealed.

*Robert P. Gruber, Executive Director of the Public Staff, by Antionette R. Wike, for appellee North Carolina Utilities Commission.*

*Donald W. McCoy and Alfred E. Cleveland, for appellant North Carolina Natural Gas Corporation.*

WEBB, Judge.

The appellant argues that there is no statutory authority for the Commission to enter the order of 11 May 1984. G.S. 62-32(b) says:

> The Commission is hereby vested with all power necessary to require and compel any public utility to provide and furnish to the citizens of this State reasonable service of the kind it undertakes to furnish and fix and regulate the reasonable rates and charges to be made for such service.

G.S. 62-130(a) and (d) provide that the Commission shall fix and from time to time adjust rates so that they will be just and reasonable. We hold that pursuant to this statutory authority when the Commission found that NCNG had received payments in lieu of what it would have received under a service contract and the customers of NCNG are bearing NCNG's contract costs, it was within the power of the Commission under G.S. 62-32(b) and G.S. 62-130(a) and (d) to take these payments into account in setting a reasonable rate. We believe we are supported in this conclusion by *Utilities Comm. v. Edmisten, Attorney General*, 26 N.C. App. 662, 217 S.E. 2d 201 (1975), *affirmed*, 291 N.C. 361, 230 S.E. 2d 671 (1976) and *Utilities Comm. v. Edmisten, Attorney General*, 29 N.C. App. 258, 224 S.E. 2d 219, *affirmed*, 291 N.C. 327,

230 S.E. 2d 651 (1976). In those cases it was held that the statutory authority of the Utilities Commission was adequate to allow the implementation of a fuel adjustment clause although the statute did not specifically provide for it.

The Commission did not order the distribution of a refund to the customers of NCNG. G.S. 62-136(c) does not apply.

The appellant also contends that no finding of an excessive rate of return was made pursuant to G.S. 62-136(a) so that its rate could be adjusted prospectively to bring its revenues down. The Commission was not acting under G.S. 62-136(a). That section refers to rate fixing as envisioned by G.S. 62-133. *See Utilities Commission v. Edmisten*, 30 N.C. App. 459, 227 S.E. 2d 593 (1976), *rev'd on other grounds*, 291 N.C. 451, 232 S.E. 2d 184 (1977). This is not a general rate case.

The appellant argues that the decision of the Commission is arbitrary and capricious and unsupported by competent, material and substantial evidence in view of the entire record. It contends specifically that the Commission found that the settlement proceeds were "in lieu of payments that would have been required of CFI pursuant to the Service Agreement" when all the evidence showed that NCNG could not have required CFI to pay anything. It says this is so because NCNG was able to sell the gas to other customers which it would have delivered to CFI under the service contract. We do not know why CFI agreed to make the payments to NCNG. It was a settlement of its contract obligations, however, and this supports the finding of the Commission.

The appellant also argues that the Commission ignored undisputed evidence that the customers of NCNG received substantial benefits from the contract settlement. This was not the question before the Commission. If the customers of NCNG realized substantial benefits from the contract settlement they should nevertheless not pay more for natural gas from a public utility than allows the utility a reasonable return.

Affirmed.

Chief Judge HEDRICK and Judge WHICHARD concur.