FLETA T. PEELER v. J. LEE PEELER
No. 7014DC130

(Filed 1 April 1970)

1. **Appeal and Error § 6— judgments appealable — award of alimony pendente lite and counsel fees**

An order requiring payment of alimony pendente lite and attorney fees affects a substantial right from which an appeal lies as a matter of right.

2. **Divorce and Alimony § 18— alimony pendente lite — dependent spouse**

In order to be a dependent spouse for the purpose of receiving alimony

pendente lite, one does not have to be unable to exist without the aid of the other spouse, G.S. 50-16.1(3) providing, among other things, that a dependent spouse means a spouse who "is substantially in need of maintenance and support from the other spouse."

**3. Divorce and Alimony § 18— alimony pendente lite — needs of dependent spouse**

In determining the needs of a dependent spouse, all of the circumstances of the parties should be taken into consideration, including the property, earnings, earning capacity, condition and accustomed standard of living of the parties. G.S. 50-16.5.

**4. Divorce and Alimony § 18— alimony pendente lite — sufficiency of evidence**

In this action for alimony without divorce, the evidence presented on plaintiff's motion for alimony pendente lite supports the court's findings that the parties are husband and wife, that defendant husband is capable of making payments for the support of plaintiff, that grounds for alimony without divorce exist, and that plaintiff is a dependent spouse in that she is substantially in need of maintenance and support from the defendant.

**5. Divorce and Alimony § 18— alimony pendente lite — insufficient means of subsistence — sufficiency of findings**

Although the trial court, in making an award of alimony pendente lite to the wife, did not find in the language of G.S. 50-16.3(a)(2) that the wife did not have sufficient means whereon to subsist during the prosecution of this action for alimony without divorce and to defray the necessary expenses thereof, finding by the court that "plaintiff's motion for alimony pendente lite and for counsel fees should be allowed at this time," when considered with all of the other findings, is sufficient to comply with the provisions of G.S. 50-16.3 relating to the requirements for an award of alimony pendente lite.

**6. Divorce and Alimony § 18— alimony pendente lite — ownership of property by dependent spouse**

Finding that the dependent spouse owned property worth $8,000 and was employed did not preclude the trial court, under the circumstances of this case, from awarding alimony pendente lite, since such award is measured, among other things, by the needs of the dependent spouse and the ability of the supporting spouse, and the dependent spouse need not be impoverished before the court can make such an award.

**7. Divorce and Alimony § 18— amount of alimony pendente lite — discretion of court**

After consideration of all the elements enumerated in G.S. 50-16.5, the amount to be awarded for alimony pendente lite rests in the sound discretion of the judge, and his determination thereof will not be disturbed in the absence of an abuse of discretion.

**8. Divorce and Alimony § 18— amount of alimony pendente lite — abuse of discretion**

Trial judge did not abuse his discretion by allowing the sum of $200 as

alimony pendente lite when the needs of the plaintiff wife, the separate income and property of the plaintiff, and the financial circumstances of defendant husband are all considered.

**9. Divorce and Alimony § 18— alimony pendente lite — counsel fees**
   Where plaintiff wife is entitled to alimony pendente lite, she is entitled, upon application, to counsel fees pursuant to G.S. 50-16.4.

APPEAL by defendant from *Lee, District Judge,* 30 September 1969 Session of District Court held in DURHAM County.

Plaintiff alleged that she and defendant are husband and wife. They were married in June 1967 and lived together until 27 August 1968 at which time plaintiff was forced to separate herself from the defendant because the defendant, an excessive user of alcohol, had offered such indignities to her person as to make her condition intolerable and her life burdensome, all without just cause, provocation or fault on the part of the plaintiff. Plaintiff's action is one for alimony without divorce.

On 30 September 1969 the matter was heard on plaintiff's motion for alimony pendente lite and counsel fees. Judge Lee, after hearing the evidence, found in part as follows:

"1. That the plaintiff and defendant were duly married on the 8th day of July, 1967, and no children were born of this union.

\* \* \*

5. That the defendant is 66 years of age and Vice President and Chairman of the Board of J. Lee Peeler and Company, Inc., which he founded in 1946; that the defendant has an annual salary of $15,000 exclusive of bonuses; and the defendant has a net worth of approximately $78,000 exclusive of his interest in J. Lee Peeler and Company, Inc.; that the defendant's interest in J. Lee Peeler and Company, Inc. consists of 961 shares of common stock valued at at least $135.74 per share. And in addition the defendant owns 12 shares of preferred stock of J. Lee Peeler and Company, Inc.

6. That the plaintiff and defendant lived together as husband and wife until about the 27th day of August, 1968, at which time the plaintiff was forced to separate herself from the defendant because of his excessive use of alcohol and his abusive treatment of her; that, for a period of some months immediately preceding the separation of the parties, the defendant, due to his excessive use of alcohol, offered abuse and indignities to the plaintiff so as to render her condition intolerable and her life burdensome.

7. That the plaintiff is employed as a saleslady at Jones & Frazier at a salary of approximately $242.00 per month (after deductions), and has additional miscellaneous income of approximately $40.00 per month, making her monthly income approximately $280.00; and her reasonable monthly expenses amount to approximately $450.00.

8. That the plaintiff has property consisting of some bonds and cash and household furniture and an automobile, all of which is valued at approximately $8,000.00.

(9. That the plaintiff is a dependent spouse within the meaning of the General Statutes of North Carolina, Chapter 50-16.1, in that she is substantially in need of maintenance and support from the defendant.

From all of the above and the record in this case, the Court is of the opinion and so finds that the plaintiff's motion for alimony pendente lite and for counsel fees should be allowed at this time.)

> Defendant excepts to foregoing portion of the order in parentheses. This is DEFENDANT'S EXCEPTION #1."

Based upon the findings of fact, the court ordered the defendant to pay to plaintiff the sum of $200 per month as alimony pendente lite and the sum of $750 as counsel fees to plaintiff's attorney.

From this order, the defendant appealed to the Court of Appeals.

*Bryant, Lipton, Bryant & Battle by Victor S. Bryant and James B. Maxwell for plaintiff appellee.*

*Newsom, Graham, Strayhorn & Hedrick by Ralph N. Strayhorn and E. C. Bryson, Jr., for defendant appellant.*

MALLARD, C.J.

[1] Plaintiff appellee contends that the appeal should be dismissed because it is from an interlocutory decree and is therefore premature. We do not agree. It is provided by the statute that an "appeal lies of right directly to the Court of Appeals" from any interlocutory order of a superior court or district court in a civil action which affects a substantial right. G.S. 7A-27(d). We hold that an order requiring payment of alimony pendente lite and attorney fees affects a substantial right from which an appeal lies as a matter of right. See also *Kearns v. Kearns*, 6 N.C. App. 319, 170 S.E. 2d 132 (1969).

The statutes relating to alimony and alimony pendente lite were amended in 1967, and became effective 1 October 1967. Prior to the 1967 amendments, it was held that even though the court denied the wife's motion for alimony pendente lite, the court could award counsel fees. *Deal v. Deal*, 259 N.C. 489, 131 S.E. 2d 24 (1963). G.S. 50-16.4 now provides that counsel fees may be awarded, upon application, "at any time that a dependent spouse would be entitled to alimony pendente lite pursuant to G.S. 50-16.3. . . ."

Payments ordered pursuant to statute for the support and maintenance of a dependent spouse are defined in the statute as "alimony" and "alimony pendente lite." G.S. 50-16.1. In the instant case the plaintiff seeks alimony without divorce and uses her complaint as a motion for alimony pendente lite.

The statute, G.S. 50-16.1, defines alimony pendente lite, insofar as it is pertinent to this case, as alimony ordered to be paid pending the final judgment on the merits in an action for alimony without divorce. In G.S. 50-16.1 alimony is defined as "payment for the support and maintenance of a spouse, either in lump sum or on a continuing basis, ordered in an action for divorce, whether absolute or from bed and board, or an action for alimony without divorce." A final order in a case for alimony without divorce terminates an order for alimony pendente lite. G.S. 50-16.3(b).

In G.S. 50-16.3(a) it is provided that a dependent spouse, who is a party to an action for alimony without divorce, shall be entitled to an order for alimony pendente lite when:

"(1)   It shall appear from all the evidence presented pursuant to G.S. 50-16.8(f), that such spouse is entitled to the relief demanded by such spouse in the action in which the application for alimony pendente lite is made, and

(2)   It shall appear that the dependent spouse has not sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof."

The statute [G.S. 50-16.8(f)] requires that when application is made for alimony pendente lite, "the parties shall be heard orally, upon affidavit, verified pleading, or other proof, and the judge shall find the facts from the evidence so presented." In the case before us the parties were heard, and the judge made findings of fact.

The defendant in this case does not except to any findings of fact other than the findings that the plaintiff is a dependent spouse and the allowance to plaintiff of alimony pendente lite and counsel fees.

PEELER *v.* PEELER

A "dependent spouse" is defined in the statute, G.S. 50-16.1(3), as follows:

"(3)   'Dependent spouse' means a spouse, whether husband or wife, who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse."

**[2]**   Defendant asserts in his brief that we ought to find that to be a dependent spouse, one should not be able to exist without the aid of the other spouse. We do not agree. The statute provides, among other things, that a dependent spouse means a spouse who "is substantially in need of maintenance and support from the other spouse."

**[3, 4]**   In determining the needs of a dependent spouse, all of the circumstances of the parties should be taken into consideration, including the property, earnings, earning capacity, condition and accustomed standard of living of the parties. G.S. 50-16.5. In this case when all the evidence relating to the circumstances is considered, we are of the opinion and so hold that the court did not commit error in finding that the plaintiff was a dependent spouse. The findings that the parties are husband and wife, that the defendant is capable of making payments for the support of plaintiff, that grounds for alimony without divorce exist, and that plaintiff is a dependent spouse in that she is substantially in need of maintenance and support from the defendant are all supported by the evidence. In *Williams v. Williams*, 261 N.C. 48, 134 S.E. 2d 227 (1964), the following appears: "Facts found by the judge are binding upon this court if they are supported by any competent evidence notwithstanding the fact that appellant has offered evidence to the contrary." This rule is applicable in the instant case.

**[5]**   The court also found as follows: "From all of the above and the record in this case, the court is of the opinion and so finds that the plaintiff's motion for alimony pendente lite and for counsel fees should be allowed at this time." The judge did not find in the language of the statute that the wife did not have sufficient means whereon to subsist during the prosecution of this action and to defray the necessary expenses thereof. G.S. 50-16.3(a)(2). However, we are of the opinion and so hold that when effect is given to the finding that the plaintiff's motion for alimony pendente lite and for counsel fees should be allowed, together with all of the other findings, such is sufficient in this case to comply with the provisions of G.S. 50-16.3 relating to the requirements for an award of alimony pendente lite.

**[6]**    Alimony pendente lite is measured, among other things, by the needs of the dependent spouse and the ability of the supporting spouse. The mere fact that the wife has property or means of her own does not prohibit an award of alimony pendente lite. *Sayland v. Sayland,* 267 N.C. 378, 148 S.E. 2d 218 (1966). The finding that the dependent spouse owned property in the sum of approximately $8,000 and was employed did not preclude the judge, under the circumstances of this case, from awarding alimony pendente lite. We do not think that the law requires that a dependent spouse should be impoverished before the court can make such an award. *Mercer v. Mercer,* 253 N.C. 164, 116 S.E. 2d 443 (1960).

**[7, 8]**    Defendant also assigns as error the allowance by the court of the sum of $200 as alimony pendente lite asserting that even if the plaintiff is entitled to alimony pendente lite that the sum of $200 is arbitrary and excessive. We do not agree with defendant's contention. After consideration of all the elements enumerated in G.S. 50-16.5, the amount to be awarded for alimony pendente lite rests in the sound discretion of the judge, and his determination thereof will not be disturbed in the absence of an abuse of discretion. *Schloss v. Schloss,* 273 N.C. 266, 160 S.E. 2d 5 (1968); *Miller v. Miller,* 270 N.C. 140, 153 S.E. 2d 854 (1967). When the needs of the plaintiff, the separate income and property of the plaintiff, and the financial circumstances of the defendant are all considered, we cannot say that the trial judge abused his discretion by allowing the sum of $200 for alimony pendente lite. *Brady v. Brady,* 273 N.C. 299, 160 S.E. 2d 13 (1968).

**[9]**    Defendant contends that the trial court committed error in allowing attorney fees for the plaintiff. In G.S. 50-16.4 it is provided that in actions for alimony when a dependent spouse would be entitled to alimony pendente lite, the court may award reasonable counsel fees, upon application. The determination of what are reasonable counsel fees is within the discretion of the judge. In this case we are of the opinion and so hold that the plaintiff is entitled to alimony pendente lite, and consequently, upon application, is entitled to counsel fees pursuant to the statute. Appellant does not contend that the amount of the counsel fees awarded is excessive.

The order entered in the Superior Court is

Affirmed.

MORRIS and VAUGHN, JJ., concur.