STATE OF NORTH CAROLINA EX REL. UTILITIES COMMISSION; DUKE POWER COMPANY, APPLICANT v. RUFUS L. EDMISTEN, ATTORNEY GENERAL, AND GREAT LAKES CARBON CORPORATION, INC., INTERVENORS

No. 131

(Filed 21 December 1976)

1. Electricity § 3; Utilities Commission § 6— fossil fuel adjustment clause — validity

The Utilities Commission acted within its statutory authority in permitting an electric utility to utilize a fossil fuel adjustment clause as an adjunct, or rider, to its regular rate schedule.

**2. Electricity § 3; Utilities Commission § 6— interim coal adjustment clause — ex parte order**

 The Utilities Commission had statutory authority to issue an ex parte order permitting a coal clause to go into effect on an interim basis without prior notice and hearing.

**3. Appeal and Error § 16; Utilities Commission § 9— interim order found nonappealable — later modification of order**

 Where it was ultimately determined by an appellate court that an interim order entered by the Utilities Commission was not appealable, the Commission had authority later to modify such order.

**4. Utilities Commission § 6— modification of interim order — validity immaterial**

 The validity of the Utilities Commission's modification of an interim coal clause order to require collections under the coal clause to be made subject to the utility's undertaking for refund was immaterial where no refunds were ever found to be due.

**5. Electricity § 3; Utilities Commission § 6— application for coal adjustment clause — approval of fossil fuel clause**

 The Utilities Commission had authority finally to authorize and approve a fossil fuel adjustment clause when the utility had applied only for a coal adjustment clause since the Commission is not limited by the utility's application in the entry of its final order based on evidence adduced at the hearings.

 Justice LAKE did not participate in the consideration or decision of this case.

APPEAL by the Attorney General and Great Lakes Carbon Corporation, Inc., Intervenors, pursuant to General Statute 7A-30(2) and (3) from a decision by a majority of a panel of the Court of Appeals. The Court of Appeals' opinion by *Hedrick, J.,* concurred in by *Britt, J.,* was filed August 6, 1975, and is reported at 26 N.C. App. 662, 217 S.E. 2d 201. *Martin, J.,* dissented. This case was docketed and argued as No. 61 at the Fall Term 1975.

*Rufus L. Edmisten, Attorney General, by I. Beverly Lake, Jr., Deputy Attorney General, for Intervenor Appellant Attorney General of North Carolina.*

*Byrd, Byrd, Ervin & Blanton, P.A., by Robert B. Byrd, for Intervenor Appellant Great Lakes Carbon Corporation, Inc.*

*Steve C. Griffith, Jr., George M. Thorpe, and Kennedy, Covington, Lobdell & Hickman by Clarence W. Walker and John M. Murchison, Jr., for Appellee Duke Power Company.*

*Edward B. Hipp, Commission Attorney, and John R. Molm, Associate Commission Attorney, for Appellee North Carolina Utilities Commission.*

*Hovis, Hunter & Eller by Thomas R. Eller, Jr., for* amicus curiae *North Carolina Textile Manufacturers Association, Inc.*

EXUM, Justice.

The material facts in this case are almost identical to those in our decision filed this date in No. 39, Fall Term 1976, *Utilities Commission v. Edmisten, Attorney General,* 291 N.C. 327, 230 S.E. 2d 651 (the "CP&L case"), and the legal questions presented are essentially the same. The appealing intervenors challenged first in the Court of Appeals both interim and final orders of the Utilities Commission permitting the utility to use as an adjunct, or rider, to its regular rate schedules a fuel adjustment clause. The Court of Appeals affirmed the Utilities Commission and the intervenors bring their challenge to us.

The facts are fully set out in the Court of Appeals' opinion and will not be repeated at length here. They may be briefly summarized as follows: The utility, Duke Power Company, having pending before the Commission an application for a general rate increase, filed on November 30, 1973, an application for permission to use a coal adjustment clause, identical in operation to the fossil fuel adjustment clause described in the CP&L case except that it applied only to the utility's coal purchases. In its application, supported by factual data pointing to the dramatic and frequent increases in the cost of coal, the utility sought permission to use the coal clause on bills rendered on and after January 1, 1974, with respect to coal burned on and after November 1, 1973. After allowing, for good cause shown, interim rate increases in the general rate case, the Commission on December 19, 1973, entered, also upon good cause shown, an *ex parte* order permitting the utility to place into effect pending "further review and final disposition" the coal cost adjustment clause "on bills rendered on and after January 19, 1974 for service rendered on and after December 19, 1973 with respect to coal burned on and after November 1, 1973 . . . . " In this *ex parte* order the Commission consolidated further proceedings regarding the coal clause question with the proceedings in the general rate case. The Attorney General, intervenor, filed exceptions and notice of appeal to this *ex parte* order. This appeal

was ultimately dismissed on the ground that the *ex parte* order was interlocutory in nature and not a final order from which an appeal could be taken. *Morgan, Attorney General v. Power Co.,* 22 N.C. App. 497, 206 S.E. 2d 507 (1974), *cert. denied and appeal dismissed,* 285 N.C. 759, 209 S.E. 2d 282 (1974) (Lake, J., dissenting).

Simultaneously with the filing of his notice of appeal, the Attorney General moved the Commission to postpone the effective date of its *ex parte* order pending judicial review or further investigation, and also moved that the Commission either rescind this order or modify it to provide for an undertaking for refund.

While the appeal was pending, the Commission initially denied all motions of the Attorney General. Later, on April 16, 1974, on its own motion, the Commission, referring to similar action by it in the CP&L case and a similar case involving Virginia Electric and Power Company, modified its December 19, 1973, order so as to provide that all monies collected thereunder be subject to an undertaking for refund. The utility, in its initial application for the coal clause, had requested that it be put into effect on an interim basis subject to refund.

Thereafter, between May 28 and July 23, 1974, full public hearings on the utility's general rate increase application and its application for permission to use the coal clause were held. The evidence in support of the coal clause was very like that adduced in the CP&L case. After these hearings, the Commission on September 10, 1974, finding *inter alia,* that the utility had "reasonably and justly implemented" the coal adjustment clause approved all monies collected and to be collected pending a final order and rescinded the refund provisions with regard to these monies.

On October 10, 1974, the Commission issued its final order regarding the coal adjustment clause in which it made full findings of fact and conclusions of law similar to those it made in the CP&L case. This order: (1) approved a *fossil fuel* adjustment clause identical in operation to the one approved in the CP&L case; (2) provided that the *coal* adjustment clause would remain in effect until November 1, 1974; (3) required the utility to file monthly the information upon which it calculated the adjustments on monthly billings; and (4) denied the Attorney General's motion to reconsider and rescind its September 10,

1974, order approving revenues collected under the coal adjustment clause.

The Attorney General and Great Lakes Carbon Corporation, Inc., intervenors, complain first, that the procedures used by the Commission in implementing the coal, and ultimately the fuel, adjustment clauses were illegal and contrary to the procedures required in the Public Utilities Act and, second, that it was beyond the statutory authority of the Commission to permit use of such rate making devices.

[1]  In support of their second contention the intervenors rely on the same arguments relied on by the Attorney General in the CP&L case. We have fully considered and rejected these arguments in that case. We do so here.

[2]  With regard to the procedures used by the Commission in this case the intervenors contend first, that the Commission had no statutory authority to issue an *ex parte* order permitting the coal clause to go into effect on an interim basis without prior notice and hearing. We have fully considered and rejected this contention in the CP&L case. We do so here.

[3, 4]  The intervenors next contend that the Commission had no authority to enter further orders in the matter while their appeal from the first order entered December 19, 1973, was pending. The intervenors rely on the general rule that an appeal takes the case out of the jurisdiction of the tribunal from which the appeal is taken and this tribunal is, pending appeal, *functus officio*. There are, of course, recognized exceptions to this rule. *See Sink v. Easter*, 288 N.C. 183, 217 S.E. 2d 532 (1975). One of these is that an attempted appeal from a nonappealable order is a nullity and does not deprive the tribunal from which the appeal is taken of jurisdiction. *Bizzell v. Bizzell*, 247 N.C. 590, 602-603, 101 S.E. 2d 668, 677, *cert. denied*, 358 U.S. 888 (1958); *Cox v. Cox*, 246 N.C. 528, 98 S.E. 2d 879 (1957). In this case it was ultimately determined that the Commission's order of December 19, 1973, was not appealable. *Morgan, Attorney General v. Power Co., supra.* Therefore the Commission was not deprived of authority later to modify this order. The only modification complained of, furthermore, was that requiring collections under the coal clause to be made subject to the utility's undertaking for refund. No refunds were ever found to be due. This modification was not required as a prerequisite to the validity of the initial *ex parte* order.

G.S. 62-134(a); *Utilities Commission v. Edmisten, Attorney General,* (the "CP&L case"), *ante,* 291 N.C. 327, 230 S.E. 2d 651 (1976). Whether, therefore, the modification was valid is immaterial.

[5] The intervenors further contend that the Commission was without authority finally to authorize and approve a fossil fuel adjustment clause when the utility had applied only for a coal adjustment clause. This contention is without merit. The Commission has plenary authority to modify an application by a utility when its modification is based on competent evidence, findings and conclusions showing it to be just and reasonable. The primary duty of the Commission is to "make, fix, establish or allow just and reasonable rates for all public utilities subject to its jurisdiction." G.S. 62-130(a). In doing this the Commission is empowered to "change and revise or cause to be changed or revised any rates fixed by the Commission, or allowed to be charged by any public utility." G.S. 62-130(d). The Commission is not limited by the utility's application in the entry of its final order based on evidence adduced at the hearings.

For the reasons stated and those contained in our decision in the CP&L case, the decision of the Court of Appeals is

Affirmed.

Justice LAKE did not participate in the consideration or decision of this case.