ANTHONY E. STEPHENSON v. REBECCA D. STEPHENSON

No. 816DC403

(Filed 15 December 1981)

**Appeal and Error § 6.2— awards pendente ·lite — interlocutory**
Orders and awards pendente lite are interlocutory decrees which necessarily do not affect a substantial right from which lies an immediate appeal pursuant to G.S. 7A-27(d). This ruling expressly overrules *Peeler v. Peeler*, 7 N.C. App. 456 and subsequent cases.

APPEAL by plaintiff from *Williford, Judge.* Order entered 30 December 1980 in District Court, HERTFORD County. Heard in the Court of Appeals 20 November 1981.

On 20 August 1980, plaintiff husband filed an action for divorce from defendant wife based on one year's separation as permitted by G.S. 50-6. Wife counterclaimed alleging abandonment and adultery by husband and seeking alimony, child support and possession of certain real and personal property. Husband subsequently took voluntary dismissal of his divorce action.

The trial court entered an order for alimony pendente lite, child support pendente lite, and attorney fees pendente lite. Husband appeals.

*Thomas L. Jones for plaintiff appellant.*

*Revelle, Burleson, Lee and Revelle, by L. Frank Burleson, Jr., for defendant appellee.*

ARNOLD, Judge.

An order awarding payments and attorney fees pendente lite is an interlocutory decree. Previously, however, this Court has held that such orders affect a substantial right, and we have allowed immediate appellate review under G.S. 1-277 and G.S. 7A-27(d). *Peeler v. Peeler*, 7 N.C. App. 456, 459, 172 S.E. 2d 915, 917 (1970).

It is significant that when *Peeler* was decided, along with *Kearns v. Kearns*, 6 N.C. App. 319, 170 S.E. 2d 132 (1969), and other seminal decisions establishing the direct appeal of pendente lite awards as a matter of right, the situation was different with both the district courts and this Court. At that time there was insufficient experience with the district courts to know what might be expected. Indeed, many counties still did not have district courts since the General Court of Justice was not fully operational until 1971. Moreover, appeal of a pendente lite matter could be heard and an opinion rendered by this Court within a reasonably short period of time.

Today the situation is quite different. In the majority of appeals from pendente lite awards it is obvious that a final hearing may be had in the district court and final judgment entered much more quickly than this Court can review and dispose of the pendente lite order. In this appeal, for instance, the matter could have been heard on its merits and a final order entered by the District Court in Hertford County months before the appeal reached this Court for disposition.

There is an inescapable inference drawn from an overwhelming number of appeals involving pendente lite awards that the appeal too often is pursued for the purpose of delay rather than to accelerate determination of the parties' rights. The avoidance of deprivation due to delay is one of the purposes for the rule that interlocutory orders are not immediately appealable. The fact that appeals of pendente lite orders often are used as delay tactics weighs in favor of reconsidering *Peeler*, insofar as it recognized a right of immediate appeal of an order to pay alimony pendente lite and attorney fees pendente lite, and concluding that that part of the *Peeler* decision has outlived its usefulness. As stated by our Supreme Court in *Veazey v. Durham*, 231 N.C. 357, 57 S.E. 2d 377 (1949), "[t]here is no more effective way to pro-

crastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders." *Id.* at 363.

In consideration of fairness to the parties and as a matter of public policy this Court now overrules *Peeler v. Peeler, supra,* and other prior decisions recognizing a right of immediate appeal from orders and awards pendente lite. We hold, therefore, that orders and awards pendente lite are interlocutory decrees which necessarily do not affect a substantial right from which lies an immediate appeal pursuant to G.S. 7A-27(d).

The remaining members of the Court join this panel and concur in this decision for the purpose of expressly overruling *Peeler* and subsequent cases in which this Court has allowed immediate appeal from pendente lite orders.

The appeal in this matter is premature and is

Dismissed.

Judges MARTIN (Harry C.) and WELLS concur.