LESLIE GOODMAN FLIEHR v. RICHARD M. FLIEHR

No. 8126DC570

(Filed 16 March 1982)

Appeal and Error § 6.2— child support order in conjunction with alimony pendente lite—no right of appeal

     Orders for child support which are entered in conjunction with orders awarding alimony *pendente lite* are not appealable until entry of a final order on the claim for permanent alimony.

APPEAL by defendant from *Lanning, Judge.* Order entered 7 January 1981 in District Court, MECKLENBURG County. Heard in the Court of Appeals 3 February 1982.

This is an appeal by defendant husband from an award to plaintiff wife of child support and alimony pendente lite.

*Michael S. Shulimson and Marvin Schiller for plaintiff appellee.*

*Mraz and Michael, by Mark A. Michael, for defendant appellant.*

Fliehr v. Fliehr

ARNOLD, Judge.

We hold that this appeal must be dismissed as interlocutory according to this Court's holding in *Stephenson v. Stephenson*, 55 N.C. App. 250, 285 S.E. 2d 281 (1981).

In this case, unlike that in *Stephenson*, the child support order is not designated *pendente lite* by the court. However, we conclude that the policy articulated in *Stephenson* will be largely defeated if we permit appeals of right from child support orders entered in conjunction with orders for alimony *pendente lite*. As we stated in *Stephenson*, the backlog of appeals awaiting review by this Court is now so great that usually the only feasible purpose for pursuing appeals from temporary support orders is to delay execution of the orders. It is our intent to eliminate use of this Court to achieve this unacceptable purpose. We conclude, therefore, that orders for child support which are entered in conjunction with orders awarding alimony *pendente lite* are not appealable until entry of a final order on the plaintiff's claim for permanent alimony. To hold otherwise, moreover, would allow appeal from an order which adjudicates fewer than all claims in violation of G.S. 1A-1, Rule 54(b). The order therefore is not subject to review by appeal and is

Dismissed.

Judges CLARK and WHICHARD concur.