LINDA BERGER v. MARTIN BERGER

Nos. 831DC212 and 831DC801

(Filed 3 April 1984)

1. **Appeal and Error § 6.6— denial of motion to dismiss—no immediate appeal**

     An order denying defendant's G.S. 1A-1, Rule 12(b)(6) motion to dismiss for failure to state a claim was interlocutory and not immediately appealable.

2. **Appeal and Error § 6.3— lack of subject matter jurisdiction—denial of motion to dismiss—no immediate appeal**

     An order denying a G.S. 1A-1, Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is interlocutory and not immediately appealable.

3. **Appeal and Error § 6.3— lack of personal jurisdiction—denial of motion to dismiss—no immediate appeal**

     Defendant's motion to dismiss for lack of personal jurisdiction based on plaintiff's failure to comply strictly with G.S. 1A-1, Rule 3 in commencing an action by issuance of a summons actually raised a question of sufficiency of service of process rather than of due process, and the order denying such motion was thus not immediately appealable under G.S. 1-277(b). G.S. 1A-1, Rule 12(b)(4).

4. **Process § 8— personal jurisdiction—service on defendant in this State**

     The trial court had personal jurisdiction over defendant under our "long-arm statute," G.S. 1-75.4(1)(a), in an action for alimony, child support and equitable distribution, where defendant was a natural person present within North Carolina when he was served with process, defendant had lived and worked in this State for five years when this action was instituted, and defendant had caused a similar suit previously filed by plaintiff in Virginia to be dismissed by claiming to be a North Carolina resident.

5. **Appeal and Error § 16— appeal from interlocutory order—trial court not divested of jurisdiction**

     Defendant's appeal from an order denying his motions to dismiss for failure to state a claim and for lack of subject matter and personal jurisdiction was interlocutory and a nullity and did not divest the trial court of jurisdiction to enter an award of child support, alimony and counsel fees *pendente lite*.

**6. Appeal and Error § 6.2— order of child support and alimony pendente lite—no immediate appeal**

An order awarding child support and alimony *pendente lite* does not affect a substantial right and is not immediately appealable.

**7. Appeal and Error § 36.1— time of entry of order—timeliness of service of record on appeal**

A contempt order was filed on 14 March rather than on 14 February, and the time for serving the record on appeal began to run on 14 March, where the evidence showed that the court found defendant in contempt on 14 February and asked plaintiff's attorney to prepare the formal written order; the clerk's notation in the record reflects a judgment purportedly entered on 14 February; defendant made a motion pursuant to App. Rule 3(c) to alter or amend the judgment; and a hearing on defendant's motion was held on 14 March and a final judgment finding defendant in contempt was entered on that date. G.S. 1A-1, Rule 58.

**8. Appeal and Error § 17— stay bond—inapplicability to interlocutory order**

While execution of a final judgment may be stayed by posting a bond pursuant to G.S. 1-289, execution of an interlocutory order awarding child support, alimony and counsel fees *pendente lite* is not subject to the stay provisions of G.S. 1-289.

**9. Divorce and Alimony § 21.5— failure to comply with pendente lite orders—punishment for contempt**

The evidence and findings supported the trial court's order finding defendant in contempt for failure to pay child support, alimony and counsel fees *pendente lite* as ordered by the court. G.S. 5A-21.

APPEALS by defendant from *Parker* and *Chaffin, Judges.* Judgments entered 11 October and 1 December 1982 and 14 March 1983 in District Court, DARE County. Consolidated and heard in the Court of Appeals 6 February 1984.

These consolidated cases stem from an action instituted on 23 August 1982, by plaintiff, wife, for equitable distribution, permanent and temporary alimony, child support, counsel fees, and possession of the parties' marital home. Prior to this action, an action for divorce filed by plaintiff on 12 August 1982 was pending in Virginia.

The facts adduced at trial showed that the parties were married in New York and lived there until January 1977, when they moved to Dare County, North Carolina. They bought a home in Dare County, which they still owned at the time of trial. Defendant owned and operated a real estate company and actively pursued the Dare County real estate market. Some time in 1978 the

Berger v. Berger

parties set up another residence in Virginia. Plaintiff resided in Virginia with the parties' three minor children during the school year. Defendant resided primarily in North Carolina, with plaintiff and the children spending summers and weekends in North Carolina. Some time in July or August, 1982, defendant told plaintiff that he was moving and gave her a post office box number and a telephone number in West Virginia where he could be reached. Plaintiff immediately went to the parties' house in Dare County, and found that the furniture and defendant's personal property were still in the house, it appearing that defendant had not moved.

On 23 August, therefore, plaintiff instituted action in North Carolina by making application for the issuance of a summons pursuant to G.S. 1A-1, Rule 3. Plaintiff alleged in her application that defendant was in the process of removing property and assets from the State of North Carolina in an attempt to evade process and secrete himself in another state or country. Defendant was personally served with said summons in Dare County. Three days later, on 26 August, plaintiff filed the complaint forming the basis of defendant's appeals hereunder. Defendant was served with said complaint by personal service on 3 September 1982, and by registered mail on 13 September 1982. Plaintiff's action and defendant's motions pursuant thereto gave rise to three separate orders forming the basis of defendant's three appeals, which we consider chronologically from the date each order was entered.

### DEFENDANT'S FIRST APPEAL

On 10 September 1982, defendant moved to dismiss plaintiff's complaint pursuant to G.S. 1A-1, Rules 12(b)(1) through 12(b)(6), Rule 41(b). The trial court denied defendant's motions, concluding in pertinent part that the court had both subject matter and personal jurisdiction over defendant, process and service having been sufficient, and that the complaint stated facts upon which relief could be granted. The denial of defendant's motions forms the basis of the first appeal.

### DEFENDANT'S SECOND APPEAL

On 8 November 1982, pursuant to plaintiff's motion to calendar the action, the trial court concluded, in essence, that its order

denying defendant's motions was interlocutory and nonappealable and that, therefore, it retained jurisdiction over plaintiff's cause of action. Defendant thereafter filed an answer and counterclaim. After a hearing on 29 November, in which both parties personally appeared, the trial court ordered defendant to pay $1,800 per month in alimony *pendente lite*, $4,200 per month in child support and $6,792.26 in counsel fees *pendente lite*. The court noted in its decree that it would retain jurisdiction over the parties for the entry of further orders consistent with its decree and enforcement thereof. This order forms the basis of defendant's second appeal.

### DEFENDANT'S THIRD APPEAL

On 9 and on 18 January, plaintiff filed motions to show cause why defendant should not be held in contempt for failure to pay alimony and counsel fees *pendente lite* and child support. Almost simultaneously therewith, on 14 January, defendant filed a bond to stay execution of the trial court order pending appeal.

After a hearing on 14 February, defendant was found in contempt and ordered imprisoned until payment of the total arrearage due plus an additional $2,500 in counsel fees, for a sum total of $19,222.26. The court appointed a receiver to inventory and report to the court the nature and extent of defendant's real and personal property having a situs in Dare County. This order forms the basis of defendant's third and final appeal.

*LeRoy, Wells, Shaw, Hornthal & Riley, by Terrence W. Boyle, for plaintiff appellee.*

*Battle, Winslow, Scott & Wiley, by Jasper L. Cummings, Jr., for defendant appellant.*

VAUGHN, Chief Judge.

I.

The first order from which defendant appeals is the 11 October order denying his Rule 12(b) motions to dismiss.

We first consider defendant's contention that the trial court erred in denying both his motion to dismiss for failure to state a claim upon which relief could be granted and his motion to

dismiss for lack of subject matter jurisdiction. G.S. 1A-1, Rules 12(b)(1) and 12(b)(6). Generally, orders denying motions to dismiss are interlocutory and nonappealable, the reason being to prevent delay and expense from fragmentary appeals and to expedite the administration of justice. *Shaver v. Construction Co.*, 54 N.C. App. 486, 283 S.E. 2d 526 (1981), *later appeal,* 63 N.C. App. 605, 306 S.E. 2d 519 (1983). Immediate appeal is generally allowed only from those orders affecting a substantial right and likely to result in injury to the appellant if not corrected before appeal from the final judgment. *Love v. Moore,* 305 N.C. 575, 291 S.E. 2d 141, *rehearing denied,* 306 N.C. 393 (1982); *see* G.S. 1-277; G.S. 7A-27. Any error in the order not affecting a substantial right is correctable upon appeal from the final judgment. *Id.*

[1, 2]   The trial court order denying defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim was clearly interlocutory and not immediately appealable. *O'Neill v. Bank,* 40 N.C. App. 227, 252 S.E. 2d 231 (1979). The Supreme Court, furthermore, has recently clarified any doubt regarding the appealability of orders denying 12(b)(1) motions to dismiss for lack of subject matter jurisdiction. Pursuant to *Teachy v. Coble Dairies, Inc.,* 306 N.C. 324, 293 S.E. 2d 182 (1982), the denial of defendant's 12(b)(1) motion was also interlocutory and not immediately appealable. Defendant's appeal on these two grounds is, therefore, dismissed.

[3]   We next consider defendant's right to appeal from the denial of his motion to dismiss on grounds of lack of personal jurisdiction. Defendant asserts that he is vested with an immediate right to appeal pursuant to G.S. 1-277(b). While G.S. 1-277(b) appears to authorize such right, it is our duty on appeal to examine the underlying nature of defendant's motion: If defendant's motion raises a due process question of whether his contacts within the forum state were sufficient to justify the court's jurisdictional power over him, then the order denying such motion is immediately appealable under G.S. 1-277(b). If, on the other hand, defendant's motion, though couched in terms of lack of jurisdiction under Rule 12(b)(2), actually raises a question of sufficiency of service or process, then the order denying such motion is interlocutory and does not fall within the ambit of G.S. 1-277(b). *Love v. Moore, supra; see Kaplan School Supply v. Henry Wurst,*

*Inc.*, 56 N.C. App. 567, 289 S.E. 2d 607, *review denied*, 306 N.C. 385, 294 S.E. 2d 209 (1982).

The basis for defendant's appeal here concerns plaintiff's failure to strictly comply with Rule 3 of the Rules of Civil Procedure in commencing action by the issuance of a summons. Under Rule 3, a civil action may be commenced by the issuance of a summons when a person makes application to the court and requests permission to file a complaint within twenty days. Plaintiff in this case requested permission to file her complaint "in due time." Later, pursuant to plaintiff's motion, the trial court amended the order for the summons so that it complied with the twenty-day time limit under Rule 3. *See* Rule 4(i) (authorizing the court to amend process or proof of service). The actual filing date of plaintiff's complaint, which occurred three days after the summons was issued, was well within the statutory time limit. After reviewing the facts in the instant case, we conclude that the substance of defendant's appeal concerns a question of process under Rule 12(b)(4), not a question of jurisdiction, contemplated by appeals brought under Rule 12(b)(2). Defendant's appeal, therefore, is not authorized by G.S. 1-277(b) and is premature.

[4] Though not denominated such, defendant, in a final, separate argument again raises a question of *in personam* jurisdiction. Defendant asserts that the trial court lacked jurisdiction since neither party was a resident of North Carolina. Residency notwithstanding, defendant's contention lacks merit, since the trial court had clear grounds for jurisdiction under our "long-arm" statute, G.S. 1-75.4. Pursuant to G.S. 1-75.4(1)(a), defendant was a natural person present within North Carolina when he was served with process on 23 August 1982. Defendant, who lived and worked in Dare County from 1977 until 1982 when this action was instituted, and who, by claiming to be a North Carolina resident, caused a similar suit previously filed by plaintiff in a Virginia court to be dismissed based on a lack of jurisdiction, does not even raise for our consideration the question of minimum contacts contemplated by appeals brought pursuant to G.S. 1-277(b).

Defendant's first appeal from an interlocutory order must be and is dismissed.

## II.

We next consider defendant's appeal from the 1 December order, in which the trial court, after considering evidence and testimony from both parties, awarded plaintiff alimony and counsel fees *pendente lite* and child support.

**[5]** Defendant, citing the general rule that an appeal removes the case from the jurisdiction of the trial court, contends that the trial court erred in proceeding to hear plaintiff's claim on the merits, since the previous order denying defendant's motions to dismiss was on appeal. *See Utilities Comm. v. Edmisten, Attorney General,* 291 N.C. 361, 230 S.E. 2d 671 (1976). The general rule, however, is subject to the exception, applicable to the case at bar, that an appeal from an interlocutory order not affecting a substantial right is a nullity and does not divest the trial court of jurisdiction. *Id.* The trial court was correct, therefore, in proceeding in the action and rendering judgment on the merits.

**[6]** Defendant also contends that the award of a total of $6,000 per month in alimony *pendente lite* and child support was not based upon proper findings of fact and contrary to the evidence. In recognition of the rule espoused by this court in *Stephenson v. Stephenson,* 55 N.C. App. 250, 285 S.E. 2d 281 (1981), *overruling Peeler v. Peeler,* 7 N.C. App. 456, 172 S.E. 2d 915 (1970), we dismiss defendant's appeal as being premature.

In *Stephenson,* this court recognized that appeals from *pendente lite* awards are often "pursued for the purpose of delay rather than to accelerate determination of the parties' rights," and, in the interests of fairness and public policy, we held that awards *pendente lite* are interlocutory decrees not affecting a substantial right and not warranting an immediate right of appeal. *Id.* at 251-52; 285 S.E. 2d at 282. The *Stephenson* case had become precedent in a host of recent decisions dismissing appeals from *pendente lite* awards. In *Fliehr v. Fliehr,* 56 N.C. App. 465, 289 S.E. 2d 105 (1982), we expanded the *Stephenson* rule to prohibit an appeal from an order for child support, not designated *pendente lite,* but entered in conjunction with an order for alimony *pendente lite.* In *Dixon v. Dixon,* 62 N.C. App. 744, 303 S.E. 2d 606 (1983), wherein plaintiff had brought suit for divorce and equitable distribution, we held that defendant had no right to appeal a mandatory injunction ordering her to return property to

plaintiff's residence pending final disposition of plaintiff's action for divorce and equitable distribution. *See also Smart v. Smart,* 59 N.C. App. 533, 297 S.E. 2d 135 (1982); *Rokes v. Rokes,* 55 N.C. App. 397, 285 S.E. 2d 306 (1982) *(citing Stephenson, supra).*

The policy guiding the panel in *Stephenson,* to avoid unnecessary delay and to accelerate a just determination of the parties' rights, is especially pertinent in this case, where plaintiff's initial suit in a Virginia court was dismissed on defendant's motion for lack of jurisdiction, defendant contending to be a North Carolina resident. Plaintiff then commenced the present suit by serving defendant with a summons pursuant to G.S. 1A-1, Rule 3 because, plaintiff alleged, defendant was "in the process of removing property and assets from the State of North Carolina in an attempt to evade process and secrete himself in another state or country."

Pursuant to *Stephenson, Fliehr,* and other recent authority, defendant's second appeal from a *pendente lite* award is interlocutory and is therefore dismissed.

III.

Defendant's third and final appeal concerns the order finding him in contempt for failure to pay the previous award of alimony and counsel fees *pendente lite* and child support.

[7] We note at the outset a dispute as to when the order of contempt was entered. Since entry of the judgment is a critical moment in determining the timeliness of defendant's appeal, we will treat plaintiff as having made a motion to dismiss and rule accordingly on such motion. *See* Rules 25 and 37, Rules of Appellate Procedure.

Ordinarily, an appellant has thirty days from the time appeal is taken to file and serve upon all other parties a proposed record. Rule 11(b), Rules of Appellate Procedure. In this case, pursuant to defendant's motion, the trial court granted defendant sixty days in which to file the proposed record. The parties here agree that defendant served the proposed record on 10 May 1983. Plaintiff contends, however, that the contempt order was entered on 14 February and that defendant's appeal is therefore subject to dismissal, the record having been served more than sixty days after entry of the judgment. *See* Rule 25, Rules of Appellate Pro-

cedure. Defendant contends that the contempt order was not entered until 5 April and that having served the record in due time, he is entitled to appellate review. For reasons set forth below, we conclude that the critical date of entry was 14 March, and we therefore deny plaintiff's motion to dismiss the appeal.

A review of the record shows that, on 14 February, the court found defendant in contempt and asked plaintiff's attorney to prepare the formal written order. The clerk's notation in the record reflects a judgment purportedly entered on 14 February. Ordinarily, the clerk's notation in the record marks the date from which the time for notice of appeal runs. *Kahan v. Longiotti,* 45 N.C. App. 367, 263 S.E. 2d 345, *review denied,* 300 N.C. 374, 267 S.E. 2d 675 (1980), *overruled on other grounds, Love v. Moore, supra.* An exception to this rule occurs, however, when, as here, the trial judge instructs one of the attorneys to prepare the final order, thus indicating a later date for final entry of the judgment. *Id.; see also Stanback v. Stanback,* 287 N.C. 448, 215 S.E. 2d 30 (1975). Another exception to the rule regarding date of entry occurs when, as did defendant in this case, a party makes a motion to alter or amend the judgment. Rule 3(c), Rules of Appellate Procedure. Since both exceptions apply to the case at bar, the time for serving the proposed record was extended.

A motion to alter or amend the judgment tolls the running of time for filing and serving notice of appeal until the motion is decided. Rule 3(c), Rules of Appellate Procedure. A hearing on defendant's motion in this case was held on 14 March. The record reflects that a final judgment was entered on 14 March, finding defendant in contempt. It appears from the record that the 14 February order of contempt was merged into this final order. Although the order was not signed by the trial judge until 30 March and not filed until 5 April, the critical moment of entry occurred on 14 March, as noted in the record. G.S. 1A-1, Rule 58; Rule 3(c), Rules of Appellate Procedure. We conclude, therefore, that the record was timely served. Since a contempt order affects a substantial right, defendant's third appeal warrants our immediate consideration. *See Clark v. Clark,* 294 N.C. 554, 243 S.E. 2d 129 (1978).

[8] The first issue raised by defendant concerns the effect of a bond posted pursuant to G.S. 1-289 in order to stay execution of

the order awarding plaintiff alimony and counsel fees *pendente lite* and child support. G.S. 1-289 authorizes an appellant to stay execution of a money judgment by assuring payment of any amount due upon appeal from said judgment. Our courts have construed orders for the payment of alimony, alimony *pendente lite*, child support, and counsel fees to be money judgments under G.S. 1-289. *Quick v. Quick*, 305 N.C. 446, 290 S.E. 2d 653 (1982); *Joyner v. Joyner*, 256 N.C. 588, 124 S.E. 2d 724 (1962); *Faught v. Faught*, 50 N.C. App. 635, 274 S.E. 2d 883 (1981). Defendant contends that the trial court erred in holding him in contempt since he had posted a bond for the amount due plaintiff.

If we hold, however, as defendant urges, that posting a bond under G.S. 1-289 effectively stayed execution of the judgment, then we will have granted defendant the right to stay execution of a nonappealable *pendente lite* award. (*See* discussion, *supra*, part II). This result would contravene the policy underlying *Stephenson* and its progeny wherein this court recognized the need to forestall appeals brought for purposes of delay. *See Stephenson, supra; Fliehr, supra.* We conclude, therefore, that while execution of a final judgment may be stayed pursuant to G.S. 1-289, execution of an interlocutory order like the one here is not subject to the stay provisions of G.S. 1-289.

[9] The contempt proceeding here was governed by G.S. 5A-21, which provides in pertinent part: "Failure to comply with an order of a court is a continuing civil contempt as long as . . . [the defendant] is able to comply with the order or is able to take reasonable measures that would enable him to comply with the order." To hold defendant in contempt, the trial court must find as a fact that defendant had the ability to comply with the award. *Frank v. Glanville*, 45 N.C. App. 313, 262 S.E. 2d 677 (1980).

The trial court order included the following factual findings:

9. The Defendant's financial affidavits and federal income tax returns for 1980 and 1981 filed in the record on this action state that the Defendant has a net worth in the amount of two million dollars and receives substantial annual income . . .

10. According to the Defendant's 1980 federal income tax return, he reported income of approximately $196,667.71

and according to the Defendant's 1981 federal income tax return, he reported income of approximately $163,878.43.

11. The Defendant has had the means with which to comply with the terms of the order of December 16, 1982 at all times since the entry of the said order through and including the date of this hearing, February 14, 1983.

12. The Defendant has shown no extraordinary financial expenditure or other circumstance affecting his net worth since the date of the Court's prior order other than the payments of support as described in this order.

13. The Defendant's failure to make payment as set forth above has been willful, and without legal justification or excuse.

As evidenced by these trial court findings, defendant had the financial ability to comply with the previous order. The trial court's findings of fact in a contempt proceeding are conclusive on appeal when supported by any competent evidence and are reviewable only for the purpose of passing on their sufficiency to warrant the judgment. *Clark v. Clark, supra.* The record in this case reveals ample evidence to support the court's factual findings. The court was, furthermore, vested with authority under G.S. 5A-21(a) and (b) to hold defendant in contempt and order that he be imprisoned for so long as the contempt continued. We therefore affirm the order in its entirety.

Defendant's first appeal is dismissed.

Defendant's second appeal is dismissed.

The order of contempt, which forms the basis of defendant's third appeal, is affirmed.

Judges WEBB and JOHNSON concur.