WAKE COUNTY, ex rel. LISA KAYE HORTON, Plaintiff v. CHRISTOPHER ANTONIO RYLES, Defendant

No. 9210DC1012

(Filed 7 December 1993)

1. **Appeal and Error § 178 (NCI4th)— appeal from motion to dismiss—interlocutory—jurisdiction of trial court—not divested**

   The trial court did not err in a child support case by proceeding to render a judgment on the merits after defendant had appealed from the denial of his motion to dismiss. The Court of Appeals has determined in an unpublished opinion that defendant's appeal did not affect a substantial right and was interlocutory; therefore, while the general rule is that an appeal removes the case from the jurisdiction of the trial court, the exception that an appeal from an interlocutory order which does not affect a substantial right is a nullity and does not divest the trial court of jurisdiction applies here.

   **Am Jur 2d, Appeal and Error §§ 352, 357.**

2. **Parent and Child § 43 (NCI4th) — child support — summons — sufficient notice**

The defendant had sufficient notice of a child support hearing and the court properly entered an order against him where no complaint or summons was issued as required by N.C.G.S. § 1A-1, Rules 3 and 4, but defendant had already signed an acknowledgment of paternity which met all the requirements of N.C.G.S. § 110-132(a). The trial court complied with the requirements of N.C.G.S. § 110-132(b), and the order to show cause, which was personally served on defendant, was signed by a judge, contained the name of the child born out of wedlock, the time, date, and place for defendant to appear to defend himself and show cause as to why the court should not enter an order for support against him, and counsel for defendant appeared at this hearing to represent defendant and was given the chance to present evidence on the issue of whether the trial court should enter a child support order against defendant.

Am Jur 2d, Parent and Child §§ 41-74.

3. **Parent and Child § 38 (NCI4th) — child support — father who voluntarily acknowledges paternity — controlling statutory provision**

The more specific provisions of Chapter 110 of the General Statutes dealing with the procedure for determining and enforcing support obligations of a father who voluntarily acknowledges paternity prevails over any conflicting procedure in Chapter 50 for determining and enforcing custody and support of minor children. N.C.G.S. § 110-132 deals specifically with orders for child support in actions where a putative father has signed an acknowledgement of paternity and this acknowledgement has become equivalent to an enforceable judicial determination. It is clear that the Legislature did not intend for Chapter 50 to control all actions for child support.

Am Jur 2d, Parent and Child §§ 41-74.

Appeal by defendant from order entered 10 July 1992 by Judge Russell G. Sherrill, III in Wake County District Court. Heard in the Court of Appeals 17 September 1993.

Nicholas DeVonne Horton was born to Plaintiff Lisa Kaye Horton (Horton) on 3 March 1987 out of wedlock. On 14 January

1992, Horton signed an affirmation of paternity naming Defendant Christopher Antonio Ryles as the father of Nicholas. On 29 January 1992, Defendant Ryles signed an acknowledgment of paternity of Nicholas DeVonne Horton and a memorandum of understanding in which he acknowledged and voluntarily admitted that he is the father of Nicholas DeVonne Horton. Based on these documents, Judge Bullock entered an order of paternity against defendant on 24 February 1992 naming him as the father of Nicholas DeVonne Horton, which order was filed on 25 February 1992 in Wake County, the same day the documents signed by the parties were filed. Further, the deputy clerk of Wake County issued a certificate of paternity to notify the State Registrar of the judgment of paternity against defendant.

Subsequently, Katherine Skinner, the child support agent in this case, applied for a summons and order to show cause as to why the court should not enter an order for child support against defendant. Judge Overby issued this summons and order to show cause against defendant, and on 27 March 1992, defendant was served in person with this summons and order. On 4 May 1992, defendant filed a motion to dismiss the action for child support pursuant to N.C. R. Civ. P. 12(b) on the grounds that no civil action was properly commenced against him, that the court lacked personal jurisdiction over him, that defendant did not receive proper process and service of process, and that plaintiff's application failed to state a claim upon which relief can be granted.

On 28 May 1992, Judge Morelock signed an order denying defendant's motion to dismiss, giving defendant twenty days to further plead or respond to the order to show cause entered by Judge Overby and stating that the trial court retained jurisdiction for further orders in this action. Defendant appealed this order to the Court of Appeals. This Court held that defendant's appeal was interlocutory and dismissed his appeal in an unpublished opinion filed 5 October 1993.

On 8 June 1992, the Wake County Child Support Enforcement Agency filed a notice of hearing that it would bring on for hearing the application, summons, and order requiring defendant to show cause why an order for child support should not be entered against him. This hearing was held in Wake County District Court on 1 July 1992. On 10 July 1992, Judge Russell Sherrill, III entered an order in which he ordered defendant to pay $340.00 per month

to the clerk of superior court for the support of Nicholas Horton. From this order, defendant appeals.

*Assistant Wake County Attorney Scott W. Warren for Appellee Wake County Child Support Enforcement Agency.*

*Anderson Rutherford Geil & Scherer, by Sally H. Scherer, for defendant-appellant.*

ORR, Judge.

On appeal, defendant brings forward the following three assignments of error: (1) that the trial court erred in hearing plaintiff's claim for child support based on the argument that defendant's pending appeal of the trial court's denial of his motion to dismiss divested the trial court of jurisdiction in this action, (2) that the trial court erred in denying his motion to dismiss on the ground that the trial court lacked subject matter and personal jurisdiction over him because no complaint or summons had been issued, and (3) that the trial court erred in denying his motion to dismiss on the ground that the trial court's order to show cause failed to state a claim upon which relief could be granted. For the reasons stated below, we affirm the order of the trial court.

I.

[1]  First, defendant contends that the trial court erred in proceeding to hear plaintiff's claim on the merits because the previous order denying defendant's motion to dismiss was on appeal. We disagree.

On 4 May 1992, defendant filed a motion to dismiss this action for child support pursuant to N.C. R. Civ. P. 12(b). On 28 May 1992, Judge Morelock signed an order denying defendant's motion to dismiss, giving defendant twenty days to further plead or respond to the order to show cause entered by Judge Overby and stating that the trial court retained jurisdiction for further orders in this action. After a hearing on the merits of this case and while defendant's appeal from the denial of his motion to dismiss was pending in this Court, Judge Russell Sherrill, III entered an order ordering defendant to pay $340 a month for the support of Nicholas Horton.

Defendant argues that the trial court erred in proceeding to the merits of this case because his appeal from the denial of his

motion to dismiss was pending in this Court. Defendant bases his argument on the general rule that an appeal removes the case from the jurisdiction of the trial court. *See State ex. rel. Utilities Commission v. Edmisten*, 291 N.C. 361, 230 S.E.2d 671 (1976); *See also Berger v. Berger*, 67 N.C. App. 591, 313 S.E.2d 825, *disc. review denied*, 311 N.C. 303, 317 S.E.2d 678 (1984). "The general rule, however, is subject to the exception . . . that an appeal from an interlocutory order not affecting a substantial right is a nullity and does not divest the trial court of jurisdiction." *Berger*, 67 N.C. App. at 597, 313 S.E.2d at 829.

On 5 October 1993, this Court filed an unpublished opinion in *Wake County ex rel. Horton v. Ryles*, (No. 9210DC837), 435 S.E.2d 582, concluding that defendant's appeal from the denial of his motion to dismiss did not affect a substantial right and dismissing his appeal as interlocutory. Thus the exception to the general rule that an appeal from an interlocutory order not affecting a substantial right is a nullity and does not divest the trial court of jurisdiction applies in the present case, and the trial court correctly proceeded in this action to render a judgment on the merits. *See Berger*, 67 N.C. App. at 597, 313 S.E.2d at 829.

II.

[2]  Next, defendant contends that the trial court erred by denying his motion to dismiss because no complaint or summons was issued in this action as required by Rules 3 and 4 of the North Carolina Rules of Civil Procedure, and he was not, therefore, given the notice required to obtain jurisdiction. We disagree.

This action was conducted pursuant to the provisions of N.C. Gen. Stat. § 110-132. While this statute does not require the issuance of a summons and complaint to give the court the authority to enter an order for child support in a case where a judgment of paternity has been entered against a putative father based on his acknowledgment of paternity, the process by which a putative father is notified of the court's authority to enter child support against him under these circumstances is equivalent to the notice received from the issuance of a summons and complaint.

N.C. Gen. Stat. § 110-132(a) prescribes the procedure for entering judgment of paternity based upon the acknowledgment of paternity by the putative father. N.C. Gen. Stat. § 110-132(a) (1991) states:

(a) In lieu of or in conclusion of any legal proceeding instituted to establish paternity, the written acknowledgment of paternity executed by the putative father of the dependent child when accompanied by a written affirmation of paternity executed and sworn to by the mother of the dependent child and filed with and approved by a judge of the district court in the county where the mother of the child resides or is found, or in the county where the putative father resides or is found, or in the county where the child resides or is found shall have the same force and effect as a judgment of that court . . . .

Thus, "[t]his statute, in effect, makes a father's voluntary written acknowledgment of paternity . . . a binding and fully enforceable substitute for a judicial determination of paternity . . . ." *Durham County Dep't of Social Services v. Williams,* 52 N.C. App. 112, 116, 277 S.E.2d 865, 868 (1981).

Further, once the acknowledgment of paternity becomes a binding and fully enforceable judicial determination of paternity, N.C. Gen. Stat. § 110-132(b) sets out the procedure by which the court may enter a support order on this acknowledgment. N.C. Gen. Stat. § 110-132(b) (1991) states:

(b) At any time after the filing with the district court of an acknowledgment of paternity, upon the application of any interested party, the court or any judge thereof shall cause a summons signed by him or by the clerk or assistant clerk of superior court, to be issued, requiring the putative father to appear in court at a time and place named therein, to show cause, if any he has, why the court should not enter an order for the support of the child by periodic payments, which order may include provision for reimbursement for medical expenses incident to the pregnancy and the birth of the child, accrued maintenance and reasonable expense of the action under this subsection on the acknowledgment of paternity previously filed with said court. The amount of child support payments so ordered shall be determined as provided in G.S. 50-13.4(c). The prior judgment as to paternity shall be res judicata as to that issue and shall not be reconsidered by the court.

Thus, three requirements must be met to enter an order for child support "on the acknowledgment of paternity": (1) the putative father's acknowledgment of paternity must be filed, (2) an interested

party must make an application for an order to show cause, and (3) the court or any judge thereof must cause a summons signed by him or by the clerk or assistant clerk of superior court to be issued requiring the putative father to appear in court at a time and place named in the order to show cause why the court should not enter an order for support of the child. Thus, the putative father has the right to a hearing before the court enters a child support order on his acknowledgment of paternity, and the court must give him notice of this hearing. We conclude that these requirements provide sufficient notice to a putative father who has had a judgment of paternity entered against him pursuant to N.C. Gen. Stat. § 110-132(a) for the court to enter an order for child support on this judgment.

It is undisputed that the trial court in the present case complied with the requirements of N.C. Gen. Stat. § 110-132(b). Further, the application and order to show cause, which was personally served on defendant stated:

> You are Summoned and Notified to appear at the place, date and time set out below to defend yourself in this action and show cause, if any, why the Court should not enter an Order for the care and support of the dependent child or children named above.

This order was signed by Judge Overby, it contained the name of the child born out of wedlock, Nicholas DeVonne Horton, and the time, date, and place for when and where defendant was to appear to defend himself and show cause as to why the court should not enter an order for support against him. Counsel for defendant appeared at this hearing to represent defendant and was given the chance to present evidence on the issue of whether the trial court should enter a child support order against defendant.

Further, defendant had already signed an acknowledgment of paternity as to Nicholas DeVonne Horton, and such acknowledgment met all the requirements of N.C. Gen. Stat. § 110-132(a) so that it was equivalent to a judicial determination of paternity. We conclude, based on these facts, that defendant had sufficient notice and that the court properly entered the order for child support against him.

[3] Defendant also argues that N.C. Gen. Stat. § 110-132(b) cannot be interpreted as providing an alternative procedure for collecting

child support because it would conflict with Chapter 50, which already establishes this action. We disagree.

Our Supreme Court stated in *National Food Stores v. North Carolina Bd. of Alcoholic Control*, 268 N.C. 624, 628-29, 151 S.E.2d 582, 586 (1966) (citation omitted):

> "Where there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but, to the extent of any necessary repugnancy between them, the special statute, or the one dealing with the common subject matter in a minute way, will prevail over the general statute, according to the authorities on the question, unless it appears that the legislature intended to make the general act controlling; and this is true *a fortiori* when the special act is later in point of time, although the rule is applicable without regard to the respective dates of passage."

Chapter 50 is entitled "Divorce and Alimony", and Article 1 of this Chapter is entitled "Divorce, Alimony, and Child Support, Generally." N.C. Gen. Stat. § 50-13.4 provides for an action for support of a minor child, and N.C. Gen. Stat. § 50-13.5 prescribes the procedure for instituting such an action. These actions may be instituted by

> [a]ny parent, or any person, agency, organization or institution having custody of a minor child, or bringing an action or proceeding for the custody of such child, or a minor child by his guardian . . . .

N.C. Gen. Stat. § 50-13.4 (1993 Cum. Supp.).

Chapter 110 is entitled "Child Welfare", and Article 9 of this Chapter is entitled "Child Support." This Chapter deals with child welfare issues, and Article 9 provides for the determination and enforcement of child support in that context. N.C. Gen. Stat. § 110-132 deals specifically with orders for child support in actions where a putative father has signed an acknowledgement of paternity, and this acknowledgement has become equivalent to an enforceable judicial determination.

It is clear that the Legislature did not intend for Chapter 50 to control all actions for child support. Reading Chapter 50

together with Chapter 110, we hold that the more specific provisions of Chapter 110 dealing with the procedure for determining and enforcing support obligations of a father who voluntarily acknowledges paternity prevails over any conflicting procedure in Chapter 50 for determining and enforcing custody and support of minor children. Accordingly, defendant's argument is without merit.

Defendant's final assignment of error deals with the denial of his motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant's support for this assignment of error rests with his contention that Chapter 50 governs all child support actions and that this Chapter requires certain pleadings to be made, which pleadings were not made in the present case. Based on our holding above, we find no merit to defendant's argument.

Accordingly, we affirm the order of the trial court.

Affirmed.

Judges EAGLES and GREENE concur.