BARBARA PERRY STALLINGS v. BOBBY RAY STALLINGS

No. 7710DC421

(Filed 6 June 1978)

**Divorce and Alimony § 19— sexual misconduct by former wife—effect on alimony**

Post-divorce sexual misconduct by defendant's former wife did not constitute a legal basis for terminating or modifying an award of alimony to the former wife. G.S. 50-16.6(a); G.S. 50-16.9(a).

APPEAL by defendant from *Barnette, Judge*. Order entered 12 January 1977 in District Court, WAKE County. Heard in the Court of Appeals 2 March 1978.

This case came before the court for hearing on defendant's motion in the cause to terminate or reduce alimony and reduce

child support payments. These payments were first ordered by the Wake County District Court in 1972 after making full findings of fact and conclusions of law. Grounds for alimony under G.S. 50-16.2 were the defendant's abandonment of plaintiff and her children and defendant's indignities to the person of plaintiff. Some time later the parties were divorced. Defendant has remarried.

After hearing evidence from both parties, the court made findings of fact to which no exceptions are taken. Among those findings are the following.

"4. For some time prior to the hearing in this matter, plaintiff has permitted a man named Jimmy Riley to stay at her home for approximately five or six nights each month; on said occasions plaintiff and Mr. Riley slept together in the same bedroom in the same bed, and they engaged in sexual intercourse.

5. The children of the parties were aware that the plaintiff and Mr. Riley were sleeping together, and they were present at those times."

The court concluded that these facts did not constitute a legal basis for terminating or reducing alimony payments to plaintiff.

*Brenton D. Adams, for plaintiff appellee.*

*Tharrington, Smith & Hargrove, by J. Harold Tharrington and Steven L. Evans, for defendant appellant.*

VAUGHN, Judge.

In well researched briefs, both parties have directed us to cases from other jurisdictions that have considered what effect a wife's post-divorce sexual misconduct has upon a decree directing her former husband to pay her alimony. We elect not to review these cases because, among other reasons, our decision here must depend upon the General Statutes of this State. Plainly stated, the award of alimony was made pursuant to statute. The court cannot modify or take away that award of alimony except as provided by statute. There is no statute that allows the court to modify an award of alimony solely because of post-marital fornication.

G.S. 50-16.9(a) provides that an award for alimony may be modified upon a showing of changed circumstances. We hold, however, that the "changed circumstances" must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay. The term has no relevance to the post-marital conduct of either party.

Defendant seeks to rely on the statutory proscription against an award of alimony to a spouse against whom an issue of adultery has been found [G.S. 50-16.6(a)] as being an expression of legislative intent that indiscriminate sexual activity by a former wife should bar her right to continue to receive alimony from her former husband. The reliance is misplaced because the statute, plain on its face, does not so provide, and the courts are, quite properly, powerless to so extend the reach of the statutes.

The Legislature has seen fit to provide that if a dependent spouse receiving alimony under an order of a court of the state shall remarry, the right to alimony shall terminate. G.S. 50-16.9(b). If so inclined, the Legislature could have added other conditions under which the award could be terminated. It did not do so.

The order from which defendant appealed is affirmed.

Affirmed.

Chief Judge BROCK and Judge ERWIN concur.