JOANN BROWN, PLAINTIFF v. D. T. BROWN, JR., ORIGINAL DEFENDANT v. PAUL
G. BROWN AND GLADYS BROWN, ADDITIONAL DEFENDANTS

No. 8624DC1217

(Filed 5 May 1987)

1. **Divorce and Alimony § 18.19 — order relieving obligation to pay alimony pendente lite — substantial right affected — appealability**

    The trial court's order relieving defendant of any further obligation to pay alimony pendente lite affected a "substantial right" of plaintiff and was therefore immediately appealable.

2. **Divorce and Alimony § 19.4 — wife's adultery — no changed circumstances — modification of alimony pendente lite order improper**

    The mere discovery of plaintiff's adultery was insufficient for a finding of changed circumstances necessary for a modification of an order of alimony pendente lite since the adultery occurred before the parties' separation and before plaintiff filed her complaint for divorce; defendant suspected plaintiff's adultery and alleged adultery as a bar to plaintiff's claim for alimony under N.C.G.S. § 50-16.6(a); and despite defendant's suspicions, he did not challenge plaintiff's claim for temporary alimony by proceeding to a hearing but instead entered into a consent judgment, agreeing to pay her $1,200 per month in alimony pendente lite.

APPEAL by plaintiff from *Lyerly, Judge.* Order entered 8 July 1986 in District Court, WATAUGA County. Heard in the Court of Appeals 8 April 1987.

Plaintiff and defendant were married on 30 July 1949. There were three children born of the marriage, all of whom had attained their majority as of the time this action was filed. On 13 January 1982, plaintiff filed a complaint seeking an absolute divorce, temporary and permanent alimony, equitable distribution and attorney's fees. In her complaint, plaintiff alleged adultery and indignities to the person as grounds for alimony. Defendant answered, denying the allegations of the complaint and pleading adultery on the part of plaintiff as a bar to alimony. Plaintiff denied the allegations of her adultery.

The parties entered into a consent judgment, filed 3 March 1982, awarding plaintiff $1,200 per month in alimony *pendente lite* and a writ of possession for the marital home. The consent judgment required plaintiff to deliver to defendant certain items of personal property remaining in the marital home and to dismiss criminal charges of harassment and assault she had filed against defendant.

Plaintiff was deposed by defendant's counsel on 21 March 1985. During that deposition, she was questioned about an alleged extramarital affair which defendant contended had occurred prior to the parties' separation. Plaintiff first denied the allegations then refused to answer any more questions, asserting her constitutional privilege against self-incrimination. Defendant's counsel then obtained a promise of immunity from prosecution for plaintiff with respect to any criminal charges of adultery or fornication which might arise out of any alleged extramarital affairs she may have had. On the strength of this guarantee of immunity, Judge Lyerly entered an order compelling plaintiff to answer questions related to her alleged adultery.

Plaintiff was again deposed on 28 March 1986, during which she admitted an adulterous relationship which had lasted some two and a half years, until the summer of 1983. Defendant, upon learning of this, immediately terminated the alimony *pendente lite* payments. Plaintiff filed a motion in the cause on 25 April 1986 seeking to have defendant held in contempt of court for failing to make the payments. Defendant countered by filing a motion under G.S. 50-16.9(a) to have the award of alimony *pendente lite* vacated, alleging that the discovery of his wife's extramarital affair constituted a change in circumstances justifying termination of the payments. Although not contained in the record before this Court, defendant purportedly also filed a motion for summary judgment on the still-pending issue of permanent alimony.

By order entered 8 July 1986, Judge Lyerly relieved defendant of any further obligation to pay alimony *pendente lite*, and continued the summary judgment hearing. Plaintiff appeals.

*Petree Stockton and Robinson by Robert J. Lawing and Kevin L. Miller; and McElwee, McElwee, Cannon and Warden by William H. McElwee, III, for plaintiff-appellant.*

*Howell and Peterson, P.A., by Allen J. Peterson for defendant-appellee.*

PARKER, Judge.

[1]  At the outset, we must determine whether this appeal is premature and therefore should be dismissed. Defendant has filed a motion to dismiss the appeal with this Court, contending it is interlocutory as the order related only to temporary alimony and thus there has not been a final judgment entered below. While we agree with defendant that the appeal is interlocutory, the order entered below affects a "substantial right" within the meaning of G.S. 1-277(a) and G.S. 7A-27(d)(1) and is, therefore, immediately appealable.

Normally, appeals from orders granting a dependent spouse alimony *pendente lite* are not allowed, as such appeals are too often undertaken for the sole purpose of delaying compliance with the order. *See Stephenson v. Stephenson*, 55 N.C. App. 250, 285 S.E. 2d 281 (1981). However, an appeal from an order denying temporary alimony to a dependent spouse does not raise the same concerns about unjust delays. *See Mayer v. Mayer*, 66 N.C. App. 522, 311 S.E. 2d 659, *disc. rev. denied*, 311 N.C. 760, 321 S.E. 2d 140 (1984). Similarly, this case involves an order terminating a dependent spouse's right to receive temporary alimony and an appeal from such an order by the dependent spouse does not implicate the policy underlying the *Stephenson* decision of preventing the supporting spouse from frustrating the temporary alimony order by pursuing fragmentary appeals.

In our view, the question of plaintiff's continued entitlement to the previously ordered alimony *pendente lite* until such time as her prayer for permanent alimony can be heard affects a "substantial right" of the dependent spouse. Therefore, the motion to dismiss the appeal as interlocutory is denied.

[2]  Turning to the merits of the appeal, plaintiff contends that the mere discovery of her adultery is not sufficient for a finding of "changed circumstances" necessary for a modification of an or-

der of alimony *pendente lite* under G.S. 50-16.9(a). We agree. The record discloses that the adultery occurred before the parties' separation and before plaintiff filed her complaint for divorce. Moreover, the pleadings reveal that defendant suspected his wife's adultery and alleged adultery as a bar to plaintiff's claim for alimony under G.S. 50-16.6(a). Yet, despite his suspicions, defendant did not challenge his wife's claim for temporary alimony by proceeding to a hearing. Instead, he entered into a consent judgment, agreeing to pay her $1,200 a month in alimony *pendente lite*.

To modify an order of the court for alimony *pendente lite*, including one entered by consent, the party seeking the modification bears the burden of proving a material change in the circumstances justifying the modification. G.S. 50-16.9(a); *Britt v. Britt*, 49 N.C. App. 463, 271 S.E. 2d 921 (1980). The determination of changed circumstances must be made by comparing the circumstances existing at the time of the original order with the circumstances as they exist at the time the modification is sought. *Broughton v. Broughton*, 58 N.C. App. 778, 294 S.E. 2d 772, *disc. rev. denied*, 307 N.C. 269, 299 S.E. 2d 214 (1982).

When dealing with modification of orders for permanent alimony, "the changed circumstances necessary for modification of an alimony order must relate to the financial needs of the dependent spouse or the supporting spouse's ability to pay." *Rowe v. Rowe*, 305 N.C. 177, 187, 287 S.E. 2d 840, 846 (1982). *See also Stallings v. Stallings*, 36 N.C. App. 643, 244 S.E. 2d 494, *disc. rev. denied*, 295 N.C. 648, 248 S.E. 2d 249 (1978). This limitation is imposed because the issues of the spouses' respective roles as dependent and supporting spouse, and the dependent spouse's entitlement to alimony are permanently adjudicated by the original order. *Rowe, supra*. An order for alimony *pendente lite* is, however, by nature a temporary order. Changes in circumstances, including sexual misconduct not condoned, which occur after the entry of an order for alimony *pendente lite* may, therefore, affect the dependent spouse's entitlement to support, as there has been no permanent adjudication of that entitlement.

In this case, plaintiff had committed adultery prior to the entry of the consent judgment. By entering into the consent judgment, defendant agreed that, as of that date, his wife was entitled

to alimony *pendente lite.* There was no evidence to support and the court did not find a material change in circumstances subsequent to the entry of the consent order.

Defendant failed to meet his burden of showing changed circumstances under G.S. 50-16.9(a). The order appealed from is vacated and the cause remanded for entry of an order requiring defendant to pay the accrued arrearages.

Vacated and remanded.

Chief Judge HEDRICK and Judge EAGLES concur.