MAXINE TWITTY BERRY v. RAMSEUR DEVON BERRY

No. 8726DC338

(Filed 17 November 1987)

**Divorce and Alimony § 24.11— temporary child support order—no immediate appeal**

Though a child support order was not expressly designated *pendente lite* by the court, it was nevertheless a temporary order, entered provisionally pending a final determination to be made at a later date, and there was therefore no right to immediate appeal from the order.

APPEAL by plaintiff from *Johnston, Robert P., Judge*. Order entered 18 December 1986 in Mecklenburg County District Court. Heard in the Court of Appeals 21 October 1987.

This case takes its beginning in the dissolution of the marriage of Maxine Twitty Berry and Ramseur Devon Berry, who were married 27 December 1967 and separated 8 August 1980. The marriage yielded one child, Stephanie Colette Berry, born 20 April 1971. On 13 August 1980, plaintiff wife filed a complaint seeking child custody, child support, and attorney's fees. Defendant husband answered and counterclaimed for, *inter alia*, child custody and child support. On 18 October 1982, after trial, the district court granted custody to plaintiff and visitation rights to defendant.

On 17 June 1985, plaintiff mother was divested of custody of the minor child in a proceeding under N.C. Gen. Stat. § 7A-647 of

the Juvenile Code, and the minor child was placed with defendant father. On 29 October 1986, defendant filed a motion seeking partial child support. On 3 November, plaintiff served motions to dismiss defendant's petition on various grounds. On 18 December, the court examined the record, heard arguments by counsel, and awarded the defendant "temporary child support." From this award the plaintiff appeals.

*Tucker, Hicks, Moon, Hodge and Cranford, P.A., by Michael F. Schultze, for plaintiff-appellant.*

*Flanary & Davies, by Kenneth T. Davies, for defendant-appellee.*

WELLS, Judge.

Defendant contends that plaintiff's appeal should be dismissed as interlocutory according to this Court's holding in *Stephenson v. Stephenson*, 55 N.C. App. 250, 285 S.E. 2d 281 (1981). We agree. In *Stephenson* we held that orders awarding child support, alimony, and attorney's fees *pendente lite* are "interlocutory decrees which necessarily do not affect a substantial right from which lies an immediate appeal pursuant to G.S. 7A-27(d)." The trial court's second Conclusion of Law states as follows: "That it is appropriate and in the best interests of the child that an Order for *temporary* child support be entered." [Emphasis added.] In addition, the court's order expressly provides that plaintiff's support payments shall be made twice monthly "*pending* further Orders of the Court." [Emphasis added.] The employment of the word "pending" underlines the non-final character of the order in question.

We recognize that in the present case, unlike *Stephenson*, the child support order was the only order entered and was not expressly designated *pendente lite* by the court. Nevertheless here, as in *Stephenson*, the support order appealed from was a temporary one, entered provisionally pending a final determination to be made at a later date. It is the non-finality of the support order that brings the present case within the reach of *Stephenson*.

It follows that the child support order of 18 December 1986 is not subject to review by appeal and must be, and is,

Dismissed.

Judges JOHNSON and COZORT concur.